```
           UNITED STATES DISTRICT COURT
          FOR THE DISTRICT OF MASSACHUSETTS


NICHOLAS R. BOCCIO,       )
 Petitioner               )
                          )
        v.                )    C.A. No. 06-30159-MAP
                          )
JOHN MARSHALL, JR.,       )
 Respondent               )
```

### MEMORANDUM AND ORDER REGARDING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT
(Dkt. No. 15)

May 24, 2007

**PONSOR, D.J.**

On January 28, 2002, Petitioner received a sentence of six to eight years imprisonment, following his conviction for armed robbery in the Massachusetts Superior Court.[1] Petitioner appealed to the Massachusetts Appeals Court, raising four claims. On May 24, 2005, the Appeals Court affirmed in all respects. Petitioner thereafter filed an application for further appellate review to the Massachusetts Supreme Judicial Court ("SJC") on two of the four claims raised in his original appeal. This application was denied by the SJC on September 8, 2005.

The docket in this case reflects that, on September 15, 2006, Petitioner filed Motions to Proceed without Prepayment

---

[1] On the same date, he also received a one to three-year concurrent term for possession of a stolen vehicle.

of Fees and for Appointment of Counsel (Dkt. Nos. 1 & 2), along with a Motion to Stay Proceedings Pending Motion for a New Trial (Dkt. No. 3.)  Chief Magistrate Judge Kenneth P. Neiman allowed the Motion to Proceed In Forma Pauperis and denied the Motion for Appointment of Counsel.

The Motion to Stay Proceedings requested the court "to enter this matter on the docket, but to stay any proceedings pending outcome (and direct appeal, if denied) of a Motion for New Trial."  (Dkt. No. 3.)  A formal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 was subsequently filed on October 27, 2006.

Petitioner claims that he filed the petition for habeas relief in this case exactly one year from the date of his denial of his petition for further appellate review by the Massachusetts Supreme Judicial Court.  He concedes that the federal statute governing habeas petitions, the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2254(d)(2), imposes a one-year statute of limitations on filing of habeas petitions.  Given the chronology described above, it is doubtful whether Petitioner met AEDPA's one-year limitations requirement.  Respondent has not, however, raised the timeliness issue as yet, and the court need not address it.

In any event, on the same day that Petitioner filed this case, he also filed a Motion for a New Trial in his state court

2

case, raising all four of the issues he originally raised in his direct appeal, and adding a claim for ineffective assistance of counsel. The motion was denied by the Massachusetts Superior Court on September 25, 2006. As of January 16, 2007, when Respondent filed his Motion to Dismiss, Petitioner's appeal from the denial of his new trial motion was pending.

Respondent's Motion to Dismiss (Dkt. No. 10) sought dismissal of the petition on the ground that it included both exhausted and unexhausted claims. On February 6, 2007, this court allowed the Motion to Dismiss, noting that "the record is undisputed that Petitioner has failed to exhaust his state remedies as to all potential federal claims. Petitioner may re-file for habeas relief within the applicable time limits once all potential state court remedies are exhausted." (See docket entry for Feb. 6, 2007.) On the same day, the court denied Petitioner's Motion to Stay Proceedings pending appeal of the denial of his motion for a new trial, commenting again that the dismissal was without prejudice to re-file once all available state remedies were exhausted. Based on these rulings, judgment in favor of Respondent entered on February 6, 2007.

Seven days following entry of judgment, Petitioner's opposition to Respondent's Motion to Dismiss was filed. (Dkt.

No. 14.) Nine days following entry of judgment, Petitioner filed a Motion for Relief from Judgment. (Dkt. No. 15.) In the alternative, the Motion for Relief sought a Certificate of Appealability regarding the judgment of dismissal and denial of Petitioner's Motion to Stay.

Petitioner's Motion for Relief from Judgment cites Fed. R. Civ. P. 60. This motion, however, is more properly addressed under Fed. R. Civ. P. 59(e), which allows the court to alter or amend a judgment pursuant to a motion submitted no later than ten days after entry of the judgment. Petitioner, in essence, has asked the court to reconsider its ruling; since the motion was filed within the required ten days, the court will address it under Rule 59(e). See <u>United States v. $23,000 in U.S. Currency</u>, 356 F.3d 157, 165 n.9. (1st Cir. 2004).

The Motion from Relief from Judgment (Dkt. No. 15), viewed as having been filed pursuant to Rule 59(e), is hereby ALLOWED. The court's February 6, 2007 rulings granting Respondent's Motion to Dismiss (Dkt. No. 10) and denying Petitioner's Motion to Stay (Dkt. No. 3) are hereby VACATED. The court hereby ALLOWS the Motion to Stay through August 31, 2007. No action will be taken on Respondent's Motion to Dismiss, pending further submissions.

The reasons for the court's allowance of Petitioner's Motion for Relief from Judgment are two. First, the court

failed to permit Petitioner an adequate amount of time to file his opposition to the Motion to Dismiss.  Second, the court assumed that if the Motion to Dismiss were allowed without prejudice, Petitioner would have time within the limitations period established by AEDPA to re-file the Petition for <u>Habeas Corpus</u>.  The fact that he waited at least one year, and perhaps more, before filing the Petition in this case makes it unlikely that he would have time to avoid the fatal effect of the statute of limitations once his further attempts at obtaining a state remedy were exhausted.

As Respondent recognizes, the court has discretion to stay action on unexhausted claims while Petitioner exhausts his state remedies.  <u>See</u> <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).  The time permitted for exhaustion, however, must be reasonable. <u>Id.</u> at 277-78.  With this in mind, the court orders that Petitioner and Respondent submit to this court a report, in writing, regarding the status of efforts to exhaust state court remedies, no later than June 29, 2007.

For the forgoing reasons, the clerk is hereby ordered to **VACATE** the judgment entered in this matter on February 6, 2007 and reopen this case.  Except for the June 29, 2007 status report, this case is stayed until August 31, 2007.

It is So Ordered.

/s/ Michael A. Ponsor
MICHAEL A. PONSOR
U. S. District Judge